IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 00-cv-635 |
| ) | |
| v. ) | |
| ) | |
| JAMES A. BLAZINA, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' NOTICE OF DEPOSITIONS OF HELEN M. BLAZINA, EMIL A. BLAZINA AND JAMES A. BLAZINA, AND NOTICE OF SUBPOENA OF CORY B. WEST & CO.

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 45, the plaintiff United States of America has issued a subpoena to Cory B. West & Co., commanding it to produce on Wednesday, July 21, 2010 at 9:30 a.m., at the U.S. Attorney's Office for the Northern District of Illinois, 219 S. Dearborn Street, Fifth Floor, Chicago, IL 60604, all documents described on the attached subpoena.

PLEASE TAKE NOTICE that the plaintiff United States of America will also take the depositions of Helen M. Blazina and Emil Blazina on Wednesday, July 21, 2010, at 9:30 a.m., and 2:30 p.m., respectively and James A. Blazina, on Thursday, July 22, 2010, at 9:30 a.m., pursuant to FED. R. CIV. P. 28 and 30, at the United States Attorney's Office for the Northern District of Illinois, 219 S. Dearborn, Fifth Floor, Chicago, Illinois, before a person authorized to administer oaths and to record testimony. The testimony will be recorded by stenographic



Page 1 of 3

means. The relevant subpoenas have been attached. You are invited to attend.

/s/ Gabrielle G. Hirz
GABRIELLE G. HIRZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-2279
Fax: (202) 514-5238
Gabrielle.G.Hirz@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 29, 2010, I sent the foregoing document via first class mail, postage pre-paid to:

> James A. Blazina
> P.O. Pox 68747
> Schaumburg, IL 60168-0747

*Gabrielle G. Hirz* (signature)
GABRIELLE G. HIRZ
Trial Attorney, Tax Division
U.S. Department of Justice

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 00-cv-635 |
| James A. Blazina | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

**FILE**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cory B. West & Co.

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents relating to: 2601 and 2839 Poinciana Drive (or Street), and 1017 Cooper Drive, Naples, Florida; Helen M. Blazina (a/k/a Helen M. Behnke), Emil A. Blazina and Cory B. West & Co.'s real estate transactions with James A. Blazina, either individually or as a trustee or beneficiary; trusts of which James A. Blazina was a trustee or beneficiary; assets which James A. Blazina possessed at any time; the management of Cory B. West & Co.; and James A. Blazina's role in the operations of Cory B. West & Co.

| Place: U.S. Attorney's Office for the Northern District of Illinois, 219 S. Dearborn, Fifth Floor, Chicago, IL Tel: 312-353-5300 | Date and Time: 07/21/2010 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/17/2010

CLERK OF COURT

OR _[signature]_

*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* the United States of America, who issues or requests this subpoena, are:

Gabrielle G. Hirz, Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station, Washington, DC 20044
Tel: 202-307-2279, Email: Gabrielle.G.Hirz@usdoj.gov

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 00-cv-635

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  00-cv-635 |
| James A. Blazina | ) | |
|  | ) | (If the action is pending in another district, state where:  ) |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Helen M. Blazina a/k/a Helen M. Behnke

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: U.S. Attorney's Office for the Northern District of Illinois, 219 S. Dearborn, Fifth Floor, Chicago, IL  Tel: 312-353-5300 | Date and Time: 07/21/2010 9:30 am |
|---|---|

The deposition will be recorded by this method:   stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All documents relating to: 2601 and 2839 Poinciana Drive (or Street), and 1017 Cooper Drive, Naples, Florida; Helen M. Blazina (a/k/a Helen M. Behnke), Emil A. Blazina and Cory B. West & Co.'s real estate transactions with James A. Blazina, either individually or as a trustee or beneficiary; trusts of which James A. Blazina was a trustee or beneficiary; assets which James A. Blazina possessed at any time; the management of Cory B. West & Co.; and James A. Blazina's role in the operations of Cory B. West & Co.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   06/17/2010

CLERK OF COURT

_____       OR   *Gabrielle G. Hirz* (signature)
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
the United States of America _____, who issues or requests this subpoena, are:
Gabrielle G. Hirz, Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station, Washington, DC 20044
Tel: 202-307-2279, Email: Gabrielle.G.Hirz@usdoj.gov


AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 00-cv-635

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No. 00-cv-635 |
| James A. Blazina | ) |
|  | )  (If the action is pending in another district, state where: |
| *Defendant* | )                                                              ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Emil A. Blazina

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: U.S. Attorney's Office for the Northern District of Illinois, 219 S. Dearborn, Fifth Floor, Chicago, IL  Tel: 312-353-5300 | Date and Time:  07/21/2010 2:30 pm |
|---|---|

The deposition will be recorded by this method: __stenographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All documents relating to: 2601 and 2839 Poinciana Drive (or Street), and 1017 Cooper Drive, Naples, Florida; Helen M. Blazina (a/k/a Helen M. Behnke), Emil A. Blazina and Cory B. West & Co.'s real estate transactions with James A. Blazina, either individually or as a trustee or beneficiary; trusts of which James A. Blazina was a trustee or beneficiary; assets which James A. Blazina possessed at any time; the management of Cory B. West & Co.; and James A. Blazina's role in the operations of Cory B. West & Co.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __06/17/2010__

*CLERK OF COURT*

OR  /s/ Gabrielle G. Hirz

_____                    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __the United States of America__, who issues or requests this subpoena, are:
Gabrielle G. Hirz, Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station, Washington, DC 20044
Tel: 202-307-2279, Email: Gabrielle.G.Hirz@usdoj.gov



AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 00-cv-635

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| United States of America | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 00-cv-635 |
| James A. Blazina | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: James A. Blazina

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: U.S. Attorney's Office for the Northern District of Illinois, 219 S. Dearborn, Fifth Floor, Chicago, IL Tel: 312-353-5300 | Date and Time: 07/22/2010 9:30 am |
|---|---|

The deposition will be recorded by this method: __stenographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All documents relating to: 2601 and 2839 Poinciana Drive (or Street), and 1017 Cooper Drive, Naples, Florida; any real estate transactions you have been involved in for the last 15 years; all real property held in your name; all properties from which you receive rental payments; all your bank accounts, credit cards, brokerage accounts, retirement savings, and insurance agreements; any foreign travel you have made in the last 15 years; the management and operations of Cory B. West & Co.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __06/17/2010__

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____ the United States of America _____, who issues or requests this subpoena, are:
Gabrielle G. Hirz, Trial Attorney, Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station, Washington, DC 20044
Tel: 202-307-2279, Email: Gabrielle.G.Hirz@usdoj.gov

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 00-cv-635

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).